UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINA GRAY** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-2474** |
| **OCHSNER BAYOU, LLC, ET AL,**<br>**RITCHIE DUPRE, ANN RITCHIE,**<br>**TERRY BOURGEOIS, MELINDA**<br>**BOUDREAUX and ABC INSURANCE** | **SECTION "C"  (1)** |

## ORDER AND REASONS[1]

Before the Court is a Partial Motion to Dismiss filed by Ochsner Bayou, LLC ("Ochsner") and individual Defendants Ritchie Dupre, Anne Ritchie, Terry Bourgeois, and Melinda Boudreaux (collectively "individual Defendants"). Rec. Doc. 8. Regina Gray ("Plaintiff") opposes parts of this Motion. Rec. Doc. 12. Having considered the applicable law, the record, and the memoranda of counsel, the Court finds that the Motion is GRANTED for the following reasons.

## I. BACKGROUND

This Motion arises from a lawsuit filed by Plaintiff in response to a situation at her workplace, Ochsner. Rec. Doc. 1. In that lawsuit, Plaintiff alleges that while she was cleaning offices, Defendant Terry Bourgeois touched her inappropriately and made unwelcome sexual comments towards her. Rec. Doc. 1 at 8-9. Plaintiff further alleges that the other individual Defendants knew about this conduct, but took no prompt action to remedy the situation. Rec. Doc. 1. Defendants now move to dismiss several claims arising from these circumstances under Federal

---

[1]Victoria Jowers, a second-year law student at Paul M. Herbert Law Center, Louisiana State University, assisted in the preparation of this Order and Reasons.

1

Rules of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

First, the Motion asks this Court to Dismiss claims of sexual harassment, discrimination, and hostile work environment under Title VII of the 1964 Civil Rights Act against the individual Defendants, on the basis that there is no individual liability under Title VII. Rec. Doc. 8-1 at 8. However, Plaintiff's Complaint states clearly that she sues the individual Defendants only under Louisiana Civil Code Article 2315 and Louisiana Civil Code Article 2316. Rec. Doc. 1 at 2. Plaintiff reiterates in their Memorandum in Opposition to this Motion that she only asserts her Title VII claims only against Ochsner. Rec. Doc. 12-1 at 3. Therefore, the Court shall treat this as an agreement by the parties that Title VII claims were never brought against the individual Defendants and shall grant dismissal of these claims.

Defendants also ask for dismissal of any negligent infliction of emotional distress claims against individual Defendants. Rec. Doc. 8 at 1. In Plaintiff's complaint, she states that the individual Defendants are sued for "intentional infliction of emotional distress, and pursuant to Louisiana Civil Code Article 2316, for want of prudence and skill, which caused Plaintiff harm." Rec. Doc. 1 at 5-7. In Plaintiff's Opposition to the instant Motion, she says nothing about negligent infliction of emotional distress. Rec. Doc. 12-1. Rather, she states that she filed suit against the individual Defendants for intentional infliction of emotional distress, and concedes that any claims under Louisiana Civil Code Article 2316 she has against the individual Defendants must be brought under the applicable worker's compensation statute. Rec. Doc. 12-1 at 3. Louisiana Civil Code Article 2316 imposes liability for "negligence, imprudence, or his want of skill." La. Civ. Code Art. 2316. Therefore, the Court interprets this as an agreement by the parties that to the extent the original complaint alleges negligence, including negligent infliction of emotional distress, against

the individual Defendants, those claims are dismissed.

Furthermore, the Motion does not ask this Court to dismiss the Title VII claims against Ochsner. Rec. Doc. 8. After determining the agreement of the parties, two claims remain in dispute in the instant motion. These claims are the intentional infliction of emotional distress claims against the individual Defendants and the related vicarious liability claims against Ochsner.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a well-pleaded complaint must contain a "short and plain statement" of the claim showing that the pleader is entitled to relief. If the claim fails to state grounds upon which relief could be granted, a court may dismiss the claim under Federal Rule of Civil Procedure 12(b)(6) on motion by a party. In order to survive a motion to dismiss, a claim must not only be conceivable, it must be plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 680, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009). When analyzing a claim's plausibility, the Court takes all factual allegations in the complaint as true, and makes all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). This Court cannot dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts that would support his claim and entitle him to relief. *Harris v. H2O Spa and Salon,* No. 07-1618, 2007 WL 2571937, at *2 (E.D. La. Aug. 31, 2007).

### B. Analysis

In this suit, Plaintiff asserts claims of intentional infliction of emotional distress ("IIED") against each of the individual Defendants. To succeed on an IIED claim, the Plaintiff must show that

the alleged conduct was extreme and outrageous; that the alleged emotional distress suffered by Plaintiff was severe; and that the individual Defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from the conduct. *Harris,* 2007 WL 2571937, at *4 (citing *White v. Monsanto,* 585 So. 2d 1205, 1209 (La. 1991)). "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (citing *White,* 585 So. 2d at 1209). To qualify as extreme and outrageous, the conduct must go beyond all possible bounds of decency, and be so atrocious and intolerable in a civilized community. *Id.* (citing *Nicholas v. Allstate,* 765 So. 2d 1017, 1022 (La. 2000)). However, conduct which would not be extreme if it happened once can result in liability for intentional infliction of emotional distress if it is severe and repeated. *Id; see Bustamento v. Tucker,* 607 So. 2d 532, 538 (La. 1992). The conduct must be calculated to cause severe emotional distress. *Nicholas,* 765 So. 2d at 1027.

In Louisiana, conduct in the workplace that can give rise to an IIED claim is limited to situations involving "a pattern of deliberate, repeated harassment over a period of time." *Harris,* 2007 WL 2571937, at *4 (citing *Nicholas,* 765 So. 2d at 1026). Disciplinary action in the workplace, which is calculated to cause a degree of mental anguish, is not actionable. *Id.* at 1030 (citing *White,* 585 So. 2d at 1210). In this case, Plaintiff has alleged that individual Defendant Ritchie Dupre compelled Plaintiff to sign a "write-up" stating that she had committed a criminal act and that this alleged intentional conduct caused her emotional distress, manifesting itself with symptoms such as chest pain and hysterical crying. Rec. Doc. 1 at 5, 13. Plaintiff alleged that individual Defendant Ann Ritchie falsely accused her of threatening individual Defendant Terry Bourgeois's life, and that this intentional conduct caused her severe emotional distress. *Id.* at 13.

4

Plaintiff alleged that individual Defendant Melinda Boudreaux intentionally manipulated Plaintiff's firing by sending a "return by" letter that did not match Plaintiff's treatment plan given to her by her doctor. *Id.* at 7, 16. Further, Plaintiff alleges that when she did not return before her doctor released her, she was improperly fired, causing her severe emotional distress. *Id.* Lastly, Plaintiff also alleged that individual Defendant Terry Bourgeois made unwelcome sexual advances on her, and upon learning that Plaintiff reported this conduct, falsely accused her of both making sexual comments to him and threatening his life. *Id.* at 6.

While these accusations certainly outline conduct worthy of societal disapproval, they fail to meet the high standard set under Louisiana law for IIED in the workplace. Not only does Plaintiff fail to plead facts constituting deliberate and repeated harassment over a period of time, she fails to plead facts that would plausibly indicate that any of the individual Defendants knew their conduct would result in severe emotional distress for the Plaintiff. Rec. Doc. 1. The Fifth Circuit has affirmed dismissal of a claim of intentional infliction of emotional distress where the complaint only made a "bare assertion" of outrageous conduct without factual allegations to support that assertion. *Vilma v. Goodell,* CIV.A. 12-1283, 2013 WL 192436, at *4 (E.D. La. Jan. 17, 2013) (citing *Stallworth v. Singing River Health Sys.,* 469 F. App'x 369, 372 (5th Cir. 2012)). Although the conduct giving rise to Plaintiff's claim of IIED against some of the individual defendants may have been tortious or illegal in its own right, that alone does not make the conduct so extreme and outrageous as to give rise to a claim of IIED. *Narcisse v. Turner Industries Group, LLC,* No. 11-2659, 2012 WL 1565293, at *4 (E.D. La. Apr. 30, 2012). Therefore, Plaintiff's claims of IIED against the individual Defendants are properly dismissed with prejudice. As the IIED claims have been dismissed against Ochsner's employees, the individual Defendants, the vicarious liability

claims against Ochsner for IIED are dismissed with prejudice as well. The Title VII claims remain against Ochsner.

Accordingly,

IT IS ORDERED that Ochsner and the individual Defendants' Partial Motion to Dismiss is GRANTED as to the Title VII claims against the individual Defendants, as to the negligent infliction of emotional distress claims against the individual Defendants, as to the IIED claims against the individual Defendants, and as to the vicarious liability claims against Ochsner. Rec. Doc. 8.

New Orleans, Louisiana, this 19th day of July, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**